IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO VALDEZ,

    Plaintiff,                    No. 2:12-cv-2854-JAM-EFB P

    vs.

MATTHEW CATE, et al.,           <u>FINDINGS AND RECOMMENDATION
                                        TO DISMISS ACTION AS DUPLICATIVE</u>

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court is plaintiff's April 11, 2013 amended complaint. ECF No. 19. For the reasons stated below, it is recommended that this action be dismissed as duplicative.

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). "When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action. *Id.* at 1144 (citation omitted). "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 1145 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

In his amended complaint, plaintiff claims that defendants Akintola and Galloway were deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment when they denied him medication that had been prescribed by outside heart specialists. ECF No. 19. These allegations and intended claims for relief, however, are duplicative of another action that plaintiff has filed in this court. In the other action, *Valdez v. Cate*, No. 2:12-cv-2867-TLN-EFB, the court has already determined, that liberally construed, plaintiff's allegations are sufficient to state Eighth Amendment deliberate indifference claims against defendants Akintola and Galloway.[1] Having reviewed the files in both actions, the court finds that this action should be dismissed as duplicative, and that plaintiff should be required to proceed on the action in which the court has already identified a cognizable claim for relief.

/////

/////

/////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

1   Accordingly, it is hereby RECOMMENDED that this action be dismissed as duplicative.
2   These findings and recommendations are submitted to the United States District Judge
3 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
4 after being served with these findings and recommendations, any party may file written
5 objections with the court and serve a copy on all parties.  Such a document should be captioned
6 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
7 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
8 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
9 Dated:  August 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE